25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Amalia ASLANIANS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9560.
 United States Court of Appeals,
Tenth Circuit.
 May 18, 1994.
 
 1
 Before LOGAN and SETH, Circuit Judges, and KELLY,* District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Amalia Aslanians is a native and citizen of Iran who concedes her deportability but seeks asylum in the United
 
 
 4
 States. An immigration judge found that she did not meet the qualifications for a grant of asylum and denied her request. The judge granted her a six-week period for voluntary departure, and ordered that she be deported if she did not leave the country during that period. The Board of Immigration Appeals summarily affirmed the immigration judge's decision and granted petitioner thirty days from the date of its May 17, 1993 decision to voluntarily depart the United States. Petitioner appeals the Board's decision. In addition, she requests that in the event we affirm the Board's decision, we remand the case to the Board with instructions to grant her a new thirty-day period for voluntary departure. We have jurisdiction to review the denial of asylum under 8 U.S.C. 1105a(a), and we affirm that denial. Her request for a new voluntary departure date is denied.
 
 
 5
 Petitioner entered the United States in October 1988 as a visitor authorized to remain until April 1989. She overstayed her authorization and in September 1989 applied for asylum.[2] She conceded her deportability but requested asylum based on a fear of religious persecution if she returns to Iran. She is the daughter of an Armenian, Christian father and an Iranian, Muslim mother, and she has chosen to be a Christian. Though Christians generally are not persecuted in Iran, she contends that she would be singled out for persecution because she has chosen to be Christian rather than follow her mother's religion even after her father's death. She contends that she has not been able to openly practice her religion in Iran since the 1979 Islamic Revolution.
 
 
 6
 To be eligible for asylum, an alien must first show he or she is a refugee by proving an unwillingness to return to his or her former country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1101(a)(42)(A); see also id. 1158(a); Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993). Once an alien has met his or her burden of proving eligibility, the Attorney General may grant asylum at her discretion. Id. After hearing petitioner's testimony and reviewing the evidence presented, the immigration judge in this case found that petitioner had not shown a well-founded fear of persecution should she return to Iran. He concluded that while petitioner may encounter some hardship on returning to Iran, there was "no reasonable possibility of persecution in this case." Admin. R. at 30. He therefore denied her application for asylum, and the Board affirmed.
 
 
 7
 On appeal, petitioner first contends that the immigration judge held her to the wrong burden of proof by requiring her to show a "reasonable possibility of persecution" rather than show only that a "reasonable person in her circumstances would fear persecution." Appellant's Br. at 11. Though we are uncertain of any distinction between these burdens of proof, we see no error by the immigration judge. To prove a well-founded fear of persecution, petitioner was required to show a "reasonable possibility of actually suffering ... persecution." 8 C.F.R. 208.13(b)(2).
 
 
 8
 Petitioner also contends that the immigration judge's finding that she did not have a well-founded fear of persecution was wrong. We review the immigration judge's factual findings under the substantial evidence standard. Nguyen, 991 F.2d at 625. We have reviewed the record and conclude that there is substantial evidence supporting the finding that petitioner does not have a well-founded fear of persecution.
 
 
 9
 Finally, we deny without prejudice petitioner's request that we remand the case to the Board with instructions to grant her a new voluntary departure period. We do not have authority to grant such relief. See Castaneda v. INS, No. 93-9549, F.3d (10th Cir. May 13, 1994). Petitioner may request this relief from the appropriate INS district director. See 8 C.F.R. 244.2.
 
 
 10
 The decision of the Board of Immigration Appeals denying asylum is AFFIRMED, and the petition for review is DENIED.
 
 
 
 *
 Honorable Patrick F. Kelly, Chief Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner also apparently sought withholding of deportation, but she does not pursue this claim on appeal